## THE ALERT.[1]

### CEBALLOS *v.* THE ALERT *et al.*

*(District Court, S. D. New York.* December 27, 1890.)

ADMIRALTY—PRACTICE—FIFTY-NINTH RULE.
> Where the owner of the steam-ship A., which had been libeled by a cargo-owner, caused a steam-ship company to be made co-defendant under the fifty-ninth admiralty rule, and the evidence upon the trial showed clearly that the libelant was entitled to recover against the A., though it did not clear up the dispute between the co-defendants, *held*, that the libelant might take a decree against the A., and the case should be continued as between the two defendants, rather than to send them to a new suit.

In Admiralty.
*North, Ward & Wagstaff*, for libelant.
*Goodrich, Deady & Goodrich*, for the Alert.
*R. D. Benedict*, for the steam-ship company.

BROWN, J. The evidence taken in the cause, while it leaves no doubt that the libelant is entitled to a decree against the Alert, is, notwithstanding, insufficient to clear up the matters in dispute as between the steamer and the steam-ship company, who, as charterers, were brought into the cause upon the steamer's petition, and may possibly be bound.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

to respond for any judgment recovered by the libelant.    After so long a delay, for the purpose of securing all attainable evidence as between the defendants, the libelant's right to a decree, as it now appears from the testimony, should not be longer postponed; and a decree may therefore be entered in his behalf as against the Alert, which is no doubt responsible to him, and an order of reference taken to compute his damages. The decree will be made without prejudice to the rights of the co-defendants as between themselves, or to any further decree that may be taken upon additional testimony as to the liability of the steam-ship company to bear the whole, or a part, of the same damages, or to indemnify the steamer in respect thereto.    Instead of dismissing the steamship company, the case, as between the two defendants, should, I think, be continued as between them, rather than send them to a new action; not merely in order to preserve the testimony already taken, but that the company may also be bound by the adjudication in regard to the amount of damages, in case the company should ultimately be held answerable therefor; it being not improbable that controversy may arise as to the rule of damages as well as to the amount.    An interlocutory decree may be entered in accordance herewith.